GLORIA GRAVER, PLAINTIFF v. ROY CHARLES RUNDLE, ROBERT LEE WYRICK, AND ROSE M. BREWER, DEFENDANTS

AND

DANIEL S. MILLER, PLAINTIFF v. ROY CHARLES RUNDLE, ROBERT LEE WYRICK, AND ROSE M. BREWER, DEFENDANTS

AND

ERVIN T. MILLER, PLAINTIFF v. ROY CHARLES RUNDLE. ROBERT LEE WYRICK, AND ROSE M. BREWER, DEFENDANTS

AND

WILSON D. MILLER, PLAINTIFF v. ROY CHARLES RUNDLE, ROBERT LEE WYRICK, AND ROSE M. BREWER, DEFENDANTS.

(Filed 29 November, 1961.)

APPEALS by plaintiffs from *Olive, J.,* April 17, 1961, Civil Term, of GUILFORD.

Four personal injury actions, consolidated for trial, growing out of collisions that occurred July 31, 1959, about 8:00 p.m., on U. S. Highway No. 29, a short distance north of Greensboro, N. C.

The paved portion of this two-lane north-south highway was 24 feet wide, with a broken white line separating the east (northbound) and west (southbound) traffic lanes, with shoulders approximately 12 feet wide. The area was undeveloped except for "Cobb's Store," a general store and filling station on the west side of the highway.

A Plymouth station wagon had stopped in the northbound lane. The operator was waiting until the southbound lane was clear of traffic before making a left turn into an entrance to Cobb's Store.

Three vehicles were directly involved in the collisions. (1) A 1956 Dodge, owned and operated by defendant Rundle, in which the plaintiffs were passengers. (2) A 1958 Chevrolet owned by defendant Brewer and operated by defendant Wyrick. (3) A tractor-trailer of Grubb Motor Lines. As they approached Cobb's Store and the stopped station wagon, the Rundle Dodge and the Brewer Chevrolet were proceeding north. in the east or northbound lane, the Rundle Dodge ahead of the Brewer Chevrolet; and the Grubb tractor-trailer was proceeding south, in the west or southbound lane.

There were two collisions. One occurred in the northbound lane, when the front of the Brewer Chevrolet collided with the right rear of the Rundle Dodge. The other occurred in the southbound lane, when the right front of the Rundle Dodge was struck by the Grubb tractor-trailer.

It is noted: (1) Defendant Brewer was riding in the front seat of the 1958 Chevrolet and admitted Wyrick was operating it as her agent. (2) Neither Grubb Motor Lines nor the operator of the tractor-trailer is a party to this action.

Plaintiffs alleged defendant Rundle was negligent in specific respects and that his negligence was one of the proximate causes of plaintiffs' injuries. They alleged defendants Wyrick and Brewer were negligent in specific respects and that their negligence was one of the proximate causes of plaintiffs' injuries.

Evidence offered by the respective parties was in sharp conflict.

Defendants Wyrick and Brewer contended the collision between the Rundle Dodge and the Grubb tractor-trailer was the first collision. They contended Rundle had turned left into the southbound lane and was there struck by the tractor-trailer and knocked back into their Chevrolet.

Defendant Rundle contended he was and had been stopped, entirely in the northbound lane, on account of the stopped car(s) ahead of him, an appreciable length of time when the right rear of the Rundle Dodge was struck by the front portion of the Brewer Chevrolet, thereby knocking the Rundle Dodge into the southbound lane and into collision with the tractor-trailer.

Plaintiffs contended they were injured as a result of the joint and concurrent negligence of all defendants. They contended as stated in their brief, "that the defendant Rundle and the defendant Wyrick were not keeping a proper lookout, came unexpectedly upon the vehicles stopped in the northbound lane and were unable to make a

safe stop; that the defendant Rundle failed to give an adequate signal of his intention to stop or turn and had turned across the center line into the path of the tractor-trailer truck at which time he was struck by the Wyrick-Brewer automobile and almost simultaneous by the tractor-trailer truck."

The court submitted and the jury answered the following issues: "1. Were the plaintiffs injured by the negligence of the defendant, Roy Charles Rundle, as alleged in the complaints? ANSWER: No. 2. Were the plaintiffs injured by the negligence of the defendants, Robert Lee Wyrick and Rose M. Brewer as alleged in the complaints? ANSWER: Yes. 3. What amount, if any, is the plaintiff Gloria Graver entitled to recover? ANSWER: $10,000.00. 4. What amount, if any, is the plaintiff Daniel S. Miller entitled to recover? ANSWER: $4,000.00. 5. What amount, if any, is the plaintiff Ervin T. Miller entitled to recover? ANSWER: $50,000.00. 6. What amount, if any, is the plaintiff Wilson D. Miller entitled to recover? ANSWER: $8,000.00."

Judgments in favor of plaintiffs and against defendants Wyrick and Brewer, in accordance with the verdict, were entered. These defendants gave notice of appeal but did not perfect their appeal.

The judgments also provided that plaintiffs have and recover nothing from defendant Rundle. To this portion of the judgments, plaintiffs excepted and appealed.

*Hubert E. Seymour, Jr., and Irving W. Coleman for plaintiffs, appellants.*

*Smith, Moore, Smith, Schell & Hunter for defendant Rundle, appellee.*

PER CURIAM. The two assignments of error brought forward in plaintiffs' brief are based on exceptions to the charge. Plaintiffs contend the court failed to explain and apply the law of joint and concurrent negligence to the first issue. The contention is without merit and the assignments are overruled.

Careful consideration of the charge discloses the court made it quite clear that the jury should answer the first issue, "Yes," if they found by the greater weight of the evidence that negligence on the part of defendant Rundle was *one of the proximate causes* of plaintiffs' injuries. Indeed, the instructions bearing directly upon the first issue constitute a discriminating and correct application of the law to the facts as contemplated by G.S. 1-180, drawing into sharp focus the questions of fact for jury determination.

No error.